ARTHUR J. TARNOW, Senior District Judge,
concurring in result.
The purpose of exhaustion requirements is to give the state courts an opportunity to enforce the requirements of the United States Constitution. It is my view that due process, at the very least, requires Tennessee courts to review issues that are raised by represented parties and submitted by their attorneys as happened here. Petitioner’s attorney undoubtedly intended the state court to review Petitioner’s arguments when he appended and filed Petitioner’s brief because he “fe[lt] compelled to submit” it. Given the state court’s silence on why it did not address Petitioner’s appended brief and the relevant Tennessee rule, it seems the only obstacle to state court review of Petitioner’s theories was that no one took the time to re-type Petitioner’s brief. That is not a constitutionally justifiable basis to deny post-conviction appellate review. In spite of his counsel’s intentions to present certain theories to the post-conviction state appellate court, by operation of Tennessee’s rule alone, Petitioner is in a worse position with the assistance of counsel than without. In this case and analogous cases, I would hold that petitioners’ claims are not procedurally defaulted. In this case, however, I concur in result because there is no merit to the issues that Petitioner raised, but the state court did not address.